### In the Matter of Fred RAMSEY, Jr., Bankrupt.

### No. 5330.

United States District Court
S. D. Mississippi,
Jackson Division.

Oct. 4, 1966.

B. B. McClendon, Jr., Jackson, Miss., for petitioner.

W. E. Gore, Jr., Jackson, Miss., trustee.

WILLIAM HAROLD COX, Chief Judge.

A creditor (Mercantile Financial Corporation) has filed a petition for review of an order of the Referee granting a discharge to the bankrupt. The discharge was opposed by the creditor mainly because of allegedly material, false statements made with respect to four accounts assigned by Ramsey Steel & Supply Corporation (bankrupt's alter ego) to creditor. The petition for review asserts its objection to the order of discharge on eight grounds.

There was a full hearing before the Referee on these objections resulting in a discharge of the bankrupt. The Referee·in his conclusions of law, among other things, said: "The Court finds

---

that as a matter of law the burden of proving the specifications of objections to discharge was on the objecting party." That is not an artful statement of the law, but it is not clearly erroneous. 11 U.S.C., 1946 Edition, § 32(c) provides that if "the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." 7 Remington on Bankruptcy § 3207 says, among other things: "The burden of proof on objection to discharge is primarily on the objector, etc." Section 3209 of the same text deals with a shifting of the burden after the objector has made a prima facie case. Section 3210 of the same text deals with a sufficiency of the evidence to shift the burden.

The Referee heard the testimony in detail on each contention, observed the witness, drew his inferences and reached the conclusion that the objector had not shown to the satisfaction of the Court that the bankrupt had committed any acts which would prevent his discharge. There is more than substantial evidence in the record to support that conclusion. It must be borne in mind that the Bankruptcy Act is a salutary, remedial scheme. Its benefits are not lightly to be denied. The burden upon an objector to satisfy the Court that the bankrupt is not entitled to the benefit of the act is not a light one. Rice, Bankrupt v. Matthews, Trustee, (5CA) 342 F.2d 301.

This Court has examined and considered this record on petition for review and is of the opinion that the order of the Referee is correct and should be affirmed. An order accordingly may be presented.